■ In the Matter of MILTON LIPSON, as Commissioner of Accounts of Nassau County, Respondent, v. JOHN C. MARTLING, as Deputy Superintendent of Highways of the Town of Oyster Bay, Appellant.— In a proceeding pursuant to statute (CPLR 2308, formerly Civ. Prac. Act, § 406), by the Commissioner of Accounts of Nassau County, against the Deputy Superintendent of Highways of the Town of Oyster Bay, to compel his compliance with a subpœna issued by the Commissioner in his investigation into the procurement of asphalt and tar products by Nassau County and by towns therein, said Superintendent appeals from an order of the Supreme Court, Nassau County, dated October 24, 1963, which granted the petition and which directed the Sheriff of Nassau County to apprehend and bring him before the Commissioner for examination, pursuant to the subpœna. Order affirmed, without costs. The examination of the appellant before the Commissioner shall proceed on 10 days' written notice or on such date as the parties may mutually fix by written stipulation. In the event of appellant's failure to appear pursuant to such notice or stipulation, the Sheriff of Nassau County is directed to apprehend and bring him before the Commissioner for examination. Section 206 of the County Government Law of Nassau County gives the Commissioner of Accounts the express power to examine into the methods, accounts and activities of every department in the county and in the towns within the county. Section 2213 of such law empowers the Commissioner to administer oaths and to compel by subpœna the attendance of witnesses and the production of books and papers, and further provides that any person who disobeys a valid subpœna issued by the Commissioner or who willfully refuses to be sworn

shall be guilty of a misdemeanor and punished by fine or imprisonment or both. The power thus vested in the Commissioner and the penalty thus prescribed for a recalcitrant witness, are not inconsistent with the power vested in the court under the statute (CPLR 2308; Civ. Prac. Act, § 406) to compel such witness' compliance with the subpœna. The statute furnishes a cumulative remedy in order to implement and effectuate the power granted by the local charter. Kleinfeld, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.